IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2123-FL

| | |
|---|---|
| DENNIS DONOVAN FOWLING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JONATHAN MINER, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on respondent's motion for summary judgment (DE # 6).[1] That motion has fully briefed, and the issues raised now are ripe for adjudication. For the reasons that follow, the court grants respondent's motion.

## STATEMENT OF THE CASE

On May 27, 1997, petitioner was arrested by state authorities in Guilford County, North Carolina for the state offense of trafficking in cocaine by possession and trafficking in cocaine by transportation. Giddings Decl. ¶ 5. The state subsequently dismissed petitioner's state charges. Id. at ¶ 6. On August 18, 1997, petitioner was transferred to the custody of the United States Marshals Service pursuant to federal drug-related charges. Id.

On December 4, 1997, petitioner was sentenced by the United States District Court for the Middle District of North Carolina to a term of two hundred ninety-four (294) months imprisonment

---

[1] Respondent's motion is captioned as a motion to dismiss or, in the alternative, for summary judgment. Because respondent attached matters that are outside of the scope of the pleadings – including the declaration of Dawn L. Giddings, a management analyst employed by the Federal Bureau of Prisons – and where the court has relied upon these materials, respondent's motion is adjudicated under Rule 56. See Fed. R. Civ. P. 12(d).

for possessing with intent to distribute cocaine base (crack). Id. at ¶ 7. On December 19, 1997, petitioner was designated to the Low Security Correctional Institution in Butner, North Carolina ("Butner") for service of his federal sentence. Id. at 8. Petitioner arrived at Butner on January 12, 1998. Id. On April 2, 1998, the Department of Justice Immigration and Naturalization Service – now known as United States Immigration and Customs Enforcement ("ICE") – lodged a detainer with the Bureau of Prisons ("BOP") against petitioner because it was investigating him to determine whether he was subject to deportation. Id. at ¶ 9.

At some point while petitioner was incarcerated at Butner, he began participating in Butner's literacy program. Id. at ¶ 10. The BOP exempts "sentenced deportable aliens" from its required literacy program participation. See BOP Program Statement 5350.28, Literacy Program (GED Standard) at 8, 10 (Dec. 1, 2003). On November 12, 1998, petitioner withdrew from the literacy program, and Butner placed him in "GED Progress Unsatisfactory" status. Id. BOP records, at that time, did not reflect that petitioner was subject to a final order of deportation. Id. at ¶ 12. Accordingly, when petitioner withdrew from the literacy program, the BOP reduced his eligibility to earn good conduct time credit from fifty-four (54) days per year to forty-two (42) days per year in accordance with Program Statement 5350.28. Id. at ¶ 10. On March 29, 2000, petitioner's release date calculation was updated to reflect a new release date of May 5, 2019. Id.

On June 21, 2010, petitioner filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2241, alleging that the BOP improperly failed to recognize that he is eligible to earn fifty-four (54) days of good conduct time credits per year. Petitioner alleges that he is entitled to this good conduct time credit because he is a sentenced deportable alien with a final order of deportation. As relief,

2

petitioner requests that the BOP correct the amount of good conduct time credit for which he is eligible, and to update his sentence computation.

Subsequent to petitioner filing this habeas petition, the BOP conducted an audit of petitioner's federal sentence. Id. ¶ 11. As part of its audit, the BOP contacted ICE regarding the status of petitioner's immigration detainer. Id. ¶ 12. ICE informed the BOP that an additional detainer was entered in 2007. Id. However, ICE determined that an error had been made on petitioner's 2007 detainer in that it stated an immigration investigation had been ordered, whereas it should have stated that petitioner had a final order of deportation. Id. As a result of its discovery of this mistake, ICE issued a corrected 2007 detainer and forwarded it to the BOP. Id.

On November 5, 2010, after receiving the corrected detainer, the BOP updated petitioner's deportation status to reflect that he is subject to a final order of deportation. Id. at ¶ 13. The BOP also updated petitioner's sentence computation to reflect that he now is eligible to receive fifty-four (54) days of good conduct time credit per year. Id. at ¶ 14. Petitioner's sentence computation also was updated to reflect the change, and petitioner is scheduled to be released from his federal sentence on September 29, 2018.[2] Id. Attachs. 9 and 10.

On November 8, 2010, respondent filed a motion for summary judgment, arguing that petitioner's petition should be dismissed because the BOP reviewed petitioner's sentence and has awarded the relief sought. In response, petitioner states that although the records attached to respondent's motion for summary judgment indicate that the BOP may have corrected petitioner's

---

[2] Publicly available information on the BOP's website, located at http://www.bop.gov, currently reflects that petitioner is scheduled to be released on January 30, 2013 rather than September 29, 2018.

3

sentence, he has not received any official notice verifying the correction. As such, petitioner requests that respondent's motion be denied.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Under Article III of the United States Constitution, federal courts may only decide actual cases or controversies. See Hein v. Freedom From Religion Foundation, Inc., 551 U.S. 587, 597-98 (2007). "A case is moot," and therefore not amenable to judicial resolution, "'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Doe v. Kidd, 501 F.3d 348, 354 (4th Cir. 2007) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). Because "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them," see North Carolina v. Rice, 404 U.S. 244, 246 (1971), mootness

is a jurisdictional question that must be resolved by the court before proceeding to the merits of an action. LaFaut v. Smith, 834 F.2d 389, 394 n.9 (4th Cir. 1987).

Respondent, in his motion for summary judgment, agrees with petitioner's assertion that he is entitled to earn good conduct time credit at the rate of fifty-four (54) days per year, and informed the court that the BOP re-calculated his sentence computation to reflect that change. Giddings Decl. ¶ 14 & Attachs. 9 and 10. And despite his argument that he has not received official notice from the BOP that his sentence has been corrected, the documentary evidence before the court is sufficient to demonstrate that this is so. Moreover, the BOP's website reflects that petitioner's sentence has been re-calculated. Petitioner has not presented a genuine issue of material fact to controvert respondent's evidence. Because petitioner already has received the relief he seeks, the issues presented in this action no longer is live, and this action is moot. Respondent's motion is GRANTED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 6) is GRANTED, and the action is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the _11th_ day of July, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

5